**In the Matter of Hilary Bowe RICKS.**

**No. 49S00–0411–DI–471.**

Supreme Court of Indiana.

Oct. 4, 2005.

## ORDER APPROVING STATEMENT OF CIRCUMSTANCES *AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** The respondent agreed to undertake post-conviction relief representations on behalf of clients, accepted retainers from them, and thereafter failed to take action on their cases or to respond to their inquiries about the status of the matters.

The respondent also received various checks on behalf of clients. Instead of depositing all check proceeds into her attorney trust account, she kept "less cash received" from certain deposits. Additionally she deposited funds without maintaining a record of the source of the funds, and drew checks for personal obligations on the account.

**Violations:** Prof.Cond.R. 1.3(a), lack of diligence and promptness in representing a client; Prof.Cond.R. 1.4(a), failure to keep client informed about the status of her work, and failure to respond to reasonable requests for information; Prof. Cond.R. 1.4(b), failure to communicate with client and to explain what was going on sufficiently enough to permit the client to make informed decisions regarding the representation; and Prof.Cond.R. 1.15(a) and Ind. Admis. Disc. R. 23, Section 29(a)(2) and (4), failure to safeguard funds held in trust; commingling; failure to keep adequate trust fund record; and, failure to keep complete records of trust account funds.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline imposing a six (6) month suspension, with the entire six-month period stayed subject to respondent's successful completion of one-year of probation. Respondent shall comply with the terms of the Conditional Agreement for Discipline, including attending an ethics seminar with a trust account management section of at least one hour in length, having her attorney trust account monitored by an accountant acceptable to the Commission, complying in all respects to her duties and obligations as an attorney, and reporting to the Commission any changes in home or business address within 14 days of the change. If the respondent violates any of the terms of her probation, then the respondent will be suspended from the practice of law for six months and must petition the Court for reinstatement. Though imposing the penalty agreed to by the respondent and the Commission, the Court notes that if this matter had been litigated the penalty may have been more severe. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.